NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-870

STATE OF LOUISIANA

VERSUS

JEREMY BODDYE, SR.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, DOCKET NUMBER CR #80325
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Kim R. Hayes
Jack Nickel
Burleigh Doga
Assistant District Attorneys
P.O. Box 288
Crowley, LA 70526
COUNSEL FOR APPELLEE:
        State of Louisiana

Jeremy Boddye, Sr.
In Proper Person
Winnfield Correction Center
#380342 DW  B – 1
P.O. Box 1435
Winnfield, LA 71483
        APPELLANT

**Genovese, Judge.**

On January 14, 2013, Defendant-Appellant, Jeremy Boddye, Sr., was charged with illegal possession of stolen things in the amount of $500.00 or more, but less than $1,500.00, a violation of La.R.S. 14:69, in docket number 80,325. On July 22, 2013, Defendant-Appellant entered a plea of no contest to the charge of illegal possession of stolen things in the amount of $500.00 or more, but less than $1,500.00. Defendant-Appellant was sentenced to five years at hard labor, to run consecutively with the sentences imposed for separate offenses in docket numbers 79,539 and 80,324, with credit given for time served.

On December 1, 2014, Defendant-Appellant filed a "Motion to Enforce Sentencing Agreement," in which he sought to have 479 days of time served credited to the sentences in all three dockets numbers: 79539, 80324, and 80325. A hearing date on the motion was set for June 15, 2015. There are no court minutes for June 15, 2015. Court minutes for June 18, 2015, indicate the trial court ordered "the defendant receive credit for all time served on each charge."

The State filed a "MOTION TO DETERMINE CLARIFICATION OR CORRECTION OF SENTENCE" with the trial court on July 13, 2015, asserting Defendant-Appellant was improperly seeking overlapping credit by requesting credit for the same time served be applied to each of the three convictions. On the same date, the trial court granted the State's "MOTION TO DETERMINE CLARIFICATION OR CORRECTION OF SENTENCE" ruling:

> IT IS HEREBY ORDERED that the sentence imposed . . . [on] defendant, Jeremy M. Boddye, Sr., in Docket Nos. 79539, 80324, and 80325 . . . be clarified or corrected to reflect that the sentences of 7 years hard labor (79539), of 5 years hard labor (80324), and of 5 years hard labor (80325) are to run consecutive with each other[] and that the defendant should receive credit for time served only on one of the sentences and not credited to any other sentence.

1

On July 24, 2015, Defendant-Appellant filed a "NOTICE OF APPEAL" with respect to the trial court's July 13, 2015 ruling on the State's "MOTION TO DETERMINE CLARIFICATION OR CORRECTION OF SENTENCE." On July 24, 2015, the trial court granted Defendant-Appellant's "NOTICE OF APPEAL" setting a return date of October 9, 2015.

On September 16, 2015, this court lodged the appeal record. On October 2, 2015, this court issued a rule to show cause why the appeal should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912.1. No response was received by Defendant-Appellant.

Louisiana Code of Criminal Procedure Article 912(C) permits an appeal by a defendant from a judgment which imposes sentence. The judgment at issue clarified the sentences with respect to credit for time served. Louisiana Code of Criminal Procedure Article 912.1(C)(1) provides the right of judicial review when a judgment is not appealable.

Accordingly, we hereby dismiss Defendant-Appellant's appeal. Defendant-Appellant, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**